

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Claud Wolf
County Auditor
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. O-1781
Re: Is it lawful to pay a bill of the county
school superintendent covering postage
used in his office and charge the amount
to the general or any other fund of the
county?

May anything at all in the way of office
supplies, stationery or printing be pur-
chased by the county for the use and ben-
efit of the office of the county school
superintendent?

We are in receipt of your request for an opin-
ion upon the following questions:

"I have been presented with a bill from
the County School Superintendent covering
postage used in that office. Would it be law-
ful to pay this bill and charge same to the
general or any other fund of the county?

"I will also thank you to give your opin-
ion as to whether anything at all in the way
of office supplies, stationery or printing
should be paid by the county for the use and
benefit of the office of the County School
Superintendent."

The county commissioners' court is a creature
of the Constitution. It has no power except that spec-
ially conferred by the Constitution or by statute. It
has only such power to expend public funds of the county
as may be expressly or impliedly conferred by law.

Hon. Claud Wolf, Page 2

See EL PASO COUNTY v. ELAM, 106 S. W. (2d) 393;
HILL COUNTY v. BRYANT & HUFFMAN, 264 S. W. 520;
MOORE v. McLENNAN COUNTY, 275 S. W. 478;
SEALING v. WILLIAMS, 284 S. W. 310;
EX PARTE THOMAS, 2 S. W. (2d) 270.

In certain instances the statutes pertaining to
the salary and office expenses of county school superin-
tendents provide that the county commissioners' court
may spend a sum of money per annum out of the general
fund of the county for the traveling expenses of the
county school superintendent.

See ARTICLES 2700, 2700a, 2700b, 2700c, 2700d, 2700d-1
through 2700d - 40, Vernon's Annotated Civil Stat-
utes.

Postage is an item of office expense payable out
of the school funds of the common and independent school
districts. Article 2700d-1, Vernon's Annotated Civil Stat-
utes. The statutes referred to above when designating
office expenses list "stamps, stationery, expressage and
printing". See articles, supra. The county school super-
intendent is given an expense allowance to take care of
these items.

We find no statutory authority for the payment
by the county commissioners' court or any county officer
of the postage expense of the office of the county school
superintendent out of the general county funds. This is
true whether the expense allowance of the county school
superintendent has been exhausted or not.

In answer to your first inquiry, it is our opin-
ion that the county auditor is without authority to approve
and direct payment of a bill for postage presented by the
county school superintendent and charge the amount of the
bill to the general or any other fund of the county.

Articles 2688 and 3899b, Vernon's Annotated Civil
Statutes, authorize the county commissioners' court to
provide for certain needs of the county school superin-
tendent.

Article 2688 states that the county school
superintendent "shall be provided by the commissioners'

Hon. Claud Wolf, Page 3

court with an office in the courthouse, and with neces-
sary office equipment and fixtures".

Section 2 of Article 3899b provides:

"Suitable offices and stationery and
blanks necessary in the performance of their
duties may in the discretion of the Commis-
sioners Court also be furnished to resident
District Judges, resident District and County
Attorneys, County Superintendents and County
Surveyors, and may be paid for on order of
the Commissioners Court out of the County
Treasury."

Under Article 2685 it is mandatory upon the
commissioners' court to furnish the county school super-
intendent with an office and with necessary office fur-
niture and fixtures. It is discretionary with the county
commissioners' court as to whether or not it will provide
"suitable offices and stationery and blanks" under Arti-
cle 3899b. Construing the two statutes together, it is
our opinion that the county commissioners' court must
furnish the county school superintendent with a suitable
office and necessary office furniture and equipment,
but may use its discretion in the matter of supplying
"stationery and blanks".

We are enclosing a copy of an opinion of this
department, dated February 24, 1931, written by the Hon.
Bruce W. Bryant, at that time First Assistant Attorney
General, to Hon. V. P. Craven, County Attorney, Weather-
ford, Texas, which is very much in point. It was therein
held that under Articles 2688 and 3899b, the county com-
missioners' court had no authority to furnish a telephone,
typewriter or adding machine to the county school super-
intendent and pay for it out of the general fund of the
county, because such equipment did not amount to "furni-
ture" or "fixtures" under the former statute nor "station-
ery" or "blanks" within the meaning of the latter arti-
cle.

It was held in said opinion that under Article
2899b, supra, that the county commissioners' court had
authority to furnish permanent record books, Class A

Hon. Claud Wolf, Page 4

stationery, to the county school superintendent, if it desired to do so.

Article 2362, Vernon's Annotated Civil Statutes, classifies stationery:

"The stationery shall be divided into four classes: Class 'A' shall embrace all blank books and all work requiring permanent and substantial binding. Class 'B' shall embrace all legal blanks, letter heads and other printing, stationery and blank papers. Class 'C' shall embrace typewriter ribbons, pens, ink, mucilage, pencils, penholders, ink stands and ware of like kind. Class 'D' poll tax receipts and all election supplies of whatever nature and description, not furnished by the State. Each and every bid shall be upon a particular class, separate and apart from any other class. To the lowest bidder on each class shall be awarded the contract for all work of that class."

In answer to your second question, it is our opinion that under Articles 2688 and 3899b (Sec. 2), Vernon's Annotated Civil Statutes, the county commissioners' court has authority to purchase for the use and benefit of the office of the county school superintendent furniture and only such office supplies as would come within the classification of "stationery" made in Article 2362, Vernon's Annotated Civil Statutes, which embraces printing and blanks.

Trusting that we have fully answered your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Dick Stout~~
Dick Stout
Assistant

DS:ob

ENCLOSURE

APPROVED FEB 20, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE